## GAYLE v. TOULMIN.

1. On a bill filed to foreclose a mortgage, it appeared by the bill that there was a prior incumbrancer, who was not made a party; the answer denied the existence of the prior incumbrance, and alleged that it was discharged by payment before the filing of the bill, but demurred to the bill for want of proper parties: Held, that as the answer showed that the prior incumbrance was discharged, there was no necessity to make the prior incumbrancer a party, notwithstanding the allegation in the bill, but that a general demurrer to the bill without answer, would have been sustained.

ERROR to the Chancery Court of Mobile.

The bill was filed by the defendant in error, to foreclose a mortgage. The bill alleges, the sale of the land, and that three promissory notes were taken for the purchase, the payment of which was secured by a mortgage on the land. That the first of the notes was paid, the second is the property of the Bank of Mobile, and as well as the last, is unpaid, but does not make the Bank of Mobile a party.

The answer denies that the second note is due, but insists that it has been paid to the Bank before the filing of the bill, but demurs to the bill because the Bank was not made a party.

The court decreed a foreclosure and sale.

The error relied on was the failure to make the Bank a party.

STEWART, for plaintiff in error.
DARGAN, contra.

ORMOND, J.—The only error relied on, is the failure to make the Bank of Mobile a party to the suit.

There can be no doubt that a *prior* incumbrancer is a necessary party to a bill filed to foreclose the mortgage by a subsequent incumbrancer. The bill shows that the Bank of Mobile stands in that relation, and is not made a party to the suit, and if the defendant had demurred to the bill because the necessary parties had not been made, it must doubtless have been sustained. But the answer of the defendant shows that the Bank of Mobile has no interest in this controversy, because the note held by it on the defendant has been discharged by payment.

By our statute, the defendant may either demur generally, to the whole bill, or he may embrace the matter of the demurrer in his answer. The latter course has been adopted in this case, but we do not think the statute can receive such a construction as to give the defendant the benefit of his demurrer, when, by his own showing, the complainant is mistaken in supposing the Bank of Mobile stands in the predicament which would make it necessary that it should be a party to the bill. It would be mere trifling to sustain the demurrer, and send the case back to make the Bank of Mobile, a party, when it is shown not to have the slightest interest in the litigation.

This being the only error relied on to reverse the decree, it must be affirmed.